Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4795 | **DATE** | September 20, 2010 |
| **CASE TITLE** | Brian Thomas (#2009-10021170) v. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The Court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $2.00 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. However, summonses shall not issue at this time. On the Court's own motion, counsel is appointed for Plaintiff. The Court appoints Mitchell S. Chaban, Levin Ginsburg, 180 North LaSalle Street, Suite 3200, Chicago, IL 60601-2800 to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). The complaint on file is dismissed without prejudice to appointed counsel filing an amended complaint within 60 days if the amended complaint comports with appointed counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure.

■ **[For further details see text below.]**                                                              Docketing to mail notices.

# STATEMENT

The plaintiff, a pre-trial detainee in custody at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants have failed to provide him constitutionally adequate mental health care since he has been incarcerated at the Cook County Jail and that their customs and policies violate his right to equal protection, as well as the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq*.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $6.34. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Here, accepting the plaintiff's allegations as true, the Court finds that the plaintiff has articulated a colorable federal cause of action with respect to deliberate indifference to medical care. Correctional officials may not act with deliberate indifference to a serious medical need. *Davis v. Carter*, 453 F.3d 686, 696 (7th Cir. 2006). The
**(CONTINUED)**

AWL

| STATEMENT (continued) |
|---|

Plaintiff also appears to have stated a claim for violation of his right to equal protection. *May v. Sheahan*, 226 F.3d 876 (7th Cir. 2000). While Plaintiff may have factually stated a claim under the A.D.A. he has not named a "public entity", a requirement to sue under the Act.

Because of the nature of the plaintiff's allegations, the Court hereby appoints Mitchell S. Chaban, Levin Ginsburg, 180 North LaSalle Street, Suite 3200, Chicago, IL 60601-2800 to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.).

The Court dismisses the complaint on file and grants counsel sixty days from the date of this order to confer with his client, investigate his claims, and to prepare an amended complaint. Counsel's amended complaint must comport with his obligations under Rule 11 of the Federal Rules of Civil Procedure. If counsel is unable to file an amended complaint, he should so inform the Court.

Dated: September 20, 2010                ENTER:

/s/David H. Coar

David H. Coar, U.S. District Judge